IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY LANG WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-0705 |
| | § | |
| JUDGE ALICIA FRANKLIN YORK, | § | |
| JENNIE MARIE COLEMAN, | § | |
| ALLETTE WILLIAMS, and | § | |
| THEODORE HAYNES, JR., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

On March 6, 2017, Plaintiff Jeffrey Lang Wilson filed this case complaining of events connected to a family court proceeding. Complaint [Doc. # 1]. Plaintiff proceeds *pro se* and has paid the filing fee. The time for service of process has not yet expired. The docket does not yet reflect service on any Defendant and no Defendant has appeared.

The divorce proceedings about which Plaintiff complains are currently active proceedings in Harris County.[1] Plaintiff names as Defendants the following persons: Judge Alicia Franklin York of the 311th Family Court in Harris County, who presided

---

[1] The Court takes judicial notice of the proceedings in *Jennie Marie Coleman v. Jeffery Lang Wilson*, Cause No. 2012-33042 (257th Family Court of Harris County, Tex.) (filed June 6, 2012).

over Plaintiff's divorce proceeding before recently recusing herself; Jeannie Marie Coleman, Plaintiff's wife, soon to be his ex-wife; Allete Williams, Ms. Coleman's attorney in the divorce proceedings; and Theodore Haynes, Jr., Plaintiff's attorney in the divorce proceedings until Plaintiff fired him.

Plaintiff's handwritten complaint appears to allege that, after Plaintiff attempted to dismiss Mr. Haynes as his attorney during divorce proceedings, Judge York had Plaintiff escorted out of her court. Plaintiff complains of "threat and coer[c]ion by the deputies with guns" and that he was "touched pushed [sic] without my consent." Complaint, at 1. Plaintiff seeks the "return" of his homestead, which property apparently is at issue in the divorce proceeding. He also seeks to proceed *pro se* in the divorce proceeding. He alleges that the First and Sixth Amendments to the United States Constitution have been violated because "my body has been trespassed against as well as my land." *Id.*

The Court screens this case to determine whether the Court may exercise subject matter jurisdiction.[2] A federal court has jurisdiction to determine its own jurisdiction. *See Trinity Marine Prod., Inc. v. U.S.*, 812 F.3d 481, 486 (5th Cir. 2016); *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). This Court has the "'responsibility to consider the question of subject matter jurisdiction *sua sponte* if it

---

[2] *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)) (recognizing a district court's authority to conduct limited screening of fee-paid case to determine subject matter jurisdiction).

is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 375 (5th Cir. 2016) (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985)). *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

A district court lacks jurisdiction over a federal claim if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 621 (5th Cir. 2017) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Bell v. Hood*, 327 U.S. 678, 682 (1946)) (internal quotation marks omitted).

> Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."

*Steel Co.*, 523 U.S. at 89 (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). *See Stem v. Gomez*, 813 F.3d 205, 209-10 (5th Cir. 2016); *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 608 (5th Cir. 2014); *Apple*, 183 F.3d at 479 ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion") (citing *Hagans*, 415 U.S. at 536-37).

In rare cases, a federal court abstains from the exercise of federal jurisdiction. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 593 (2013) ("abstention from the exercise of federal jurisdiction is the exception, not the rule") (internal citations and quotation marks omitted); *see Google, Inc. v. Hood*, 822 F.3d 212, 223 (5th Cir. 2016). Under a doctrine originating with *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from enjoining a pending state proceeding. *Younger* abstention applies in three "exceptional categories" of state proceedings: ongoing state criminal prosecutions; certain civil enforcement proceedings akin to criminal prosecutions, and "pending civil proceedings . . . . uniquely in furtherance of the state courts' ability to perform their judicial functions" *Sprint*, 134 S. Ct. at 591 (internal citation and quotation marks omitted). When a case falls into these categories, the court potentially invoking *Younger* considers "whether there is (1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges." *Google*, 822 F.3d at 222-23 (internal citations, quotation marks, and alteration omitted)

Plaintiff's complaints in this Court are inextricably connected to an ongoing divorce proceeding in Texas court. These divorce proceedings fit the third "exceptional" category of state proceedings subject to *Younger* abstention, pending

civil proceedings "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 134 S. Ct. at 591 (internal citation and quotation marks omitted); *Google*, 822 F.2d at 222. "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). *See Estate of Merkel v. Pollard*, 354 F. App'x 88, 94 (5th Cir. 2009).

The Court therefore considers whether *Younger* abstention is warranted in this case. *See Google*, 822 F.3d at 222-23. The first factor is satisfied because the relevant divorce proceedings were pending when Plaintiff filed the instant case and remain pending to date. Because the case involves family relations, it clearly satisfies the "important state interests" requirement in the second factor. *See Moore*, 442 U.S. at 435; *Merkel*, 354 F. App'x at 94. As for the third factor, the state court proceedings offer Plaintiff an adequate opportunity to raise his federal claims under the First and Sixth Amendments to the United States Constitution.[3]

The Court therefore must abstain under *Younger v. Harris* from exercising jurisdiction over Plaintiff's claims. Because his federal claim is "foreclosed by prior decisions of this Court" and so "completely devoid of merit as not to involve a federal

---

[3] *See Google*, 822 F.3d at 222-23. *Cf. Odonnell v. Harris Cty., Tex.*, ___ F. Supp. 3d ___, 2016 WL 7337549, at *20 (S.D. Tex. Dec. 16, 2016) (Rosenthal, J.) (finding that plaintiffs did not have adequate opportunity to raise in state court proceedings their claim regarding lack of timely judicial consideration of their inability to pay bond because "the adequacy of a timely hearing[] is precisely what the plaintiffs are challenging in this case").

controversy," this Court lacks subject matter jurisdiction. *See Steel Co.*, 523 U.S. at 89; *Oneida*, 414 U.S. at 666.

Additionally, to the extent Plaintiff brings claims that rely on Defendants' conduct during the family court proceedings, Defendants are immune. "A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). Federal courts have no authority to issue injunctive relief directing state courts or their judicial officers in the performance of their duties. *See LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. 2014) (citing *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985); *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)). Similarly, under Texas law, attorneys are immune from suit for conduct during litigation in order to "safeguard[] the unfettered exercise of judgment in the judicial system by protecting the person exercising it not only against liability but also against incurring the costs of defending a lawsuit." *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016) ("The policies underlying the attorney immunity doctrine, as the Texas Supreme Court has explained, suggest that attorney immunity should be an immunity from suit" and not a defense to liability) (citing Texas law). *See also Kinney v. Weaver*, 367 F.3d 337, 352 & n.17 (5th Cir. 2004) (en banc) ("absolute immunity . . . protects witnesses from civil liability arising from their testimony").

For the foregoing reasons, the Court holds that under the doctrines of *Younger v. Harris* and its progeny, as well as binding authority regarding immunity from suit, Plaitniff's federal claims are so clearly foreclosed by Supreme Court precedent as to be frivolous and devoid of merit.  *See Steel Co.*, 523 U.S. at 89; *Stem*, 813 F.3d at 210; *Apple*, 183 F.3d at 479.  Therefore it is hereby

**ORDERED**  that this suit is **dismissed without prejudice** for lack of subject matter jurisdiction.

SIGNED at Houston, Texas, this **31st** day of **March, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE